

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

**THE DATE OF ENTRY IS ON**
**THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 11, 2026**

_____
**United States Bankruptcy Judge**

_____

**EXHIBIT**

**PHONIX EX 7**

Case 25-34839

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| BUDDY MAC HOLDINGS, LLC, *et al.*, | § | Case No. 25-34839 |
| | § | |
| Debtors.[1] | § | (Jointly Administered) |
| | § | |

**ORDER GRANTING DEBTORS' <u>EMERGENCY</u> MOTION FOR (I) APPROVAL OF SETTLEMENT AGREEMENT BETWEEN THE DEBTORS AND PHONIX RBS LLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019; AND (II) GRANTING RELATED RELIEF**

Upon the motion [ECF # 174] (the "<u>Motion</u>")[2] of Buddy Mac Holdings, LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-referenced chapter 11 cases (including the Initial Debtors and the Subsequent Debtors (as each is defined in the Motion), collectively, the "<u>Debtors</u>"), for entry of an order (this "<u>Order</u>") (i) approving the Settlement Agreement dated

---

[1] A complete list of the Debtors in these chapter 11 cases is available at https://dm.epiq11.com/case/buddyshome/info. The Debtors' service address is 400 E. Centre Park Blvd., Suite 101, DeSoto, Texas 75115.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

- 1 -   11848497v1 (75669.00002.000)

January 25, 2026 attached to the Motion as **Exhibit A** (the "Settlement Agreement")[3] by and among William Ian MacDonald and certain affiliated MacDonald Entities identified on Schedule 1 to the Settlement Agreement (collectively, "MacDonald"), the Debtors, and Phonix RBS LLC ("Phonix" together with the Debtors and MacDonald, the "Parties") pursuant to Bankruptcy Rule 9019; and (ii) granting related relief; This Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that (i) the relief requested in the Motion is fair, equitable, and in the best interests of the Debtors' estate, their creditors, and other parties in interest; (ii) that notice of the Motion and opportunity for a hearing on the Motion were sufficient and appropriate under the circumstances and that no other or further notice need be provided; (iii) that the Settlement Agreement has been entered into in good faith for purposes of Bankruptcy Rule 9019; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having determined that the settlement was entered into in good faith; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Settlement Agreement attached to the Motion as **Exhibit A** is approved.

2. The Parties are authorized to enter into the Settlement Agreement.

3. The terms and conditions of the Settlement Agreement are incorporated into this Order and are immediately effective and enforceable upon its entry. Notwithstanding the foregoing, the Estate Boulders Share percentages provided in Section 4 of the Settlement

---

[3] All capitalized terms not defined herein shall have the meaning set forth in the Settlement Agreement.

Agreement are modified as follows: (i) fifty-five percent (55%) to Phonix; (ii) twenty five percent (25%) to the MacDonald Family Irrevocable Trust; and (iii) twenty percent (20%) to the Debtors' estates (the "Estate Boulders Share").

4. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted in this Order.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

### END OF ORDER ###