

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NOTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 25-34839 (MVL) |
| | § | |
| BUDDY MAC HOLDINGS, LLC. et al., | § | CHAPTER 11 |
| | § | |
| Debtors. [1] | § | (Jointly Administration Requested) |
| | § | |

## OBJECTION TO MOTION TO APPROVE SALE FREE AND CLEAR OF LIENS

Ron Berg ("Objector"), by and through his undersigned counsel, hereby submits this Objection to the Motion to Approve Sale Free and Clear of Liens (the "Motion") filed by Buddy Mac Holdings, LLC ("Debtor") in the United States Bankruptcy Court for the Northern District of Texas, and respectfully states as follows:

1. As disclosed by the Debtors, the property being sold includes the interests of tenants in common, including entities owned by Ron Berg. The Motion to Approve Sales Procedures expressed the opinion that the tenants in common were actually holders of investment contracts who could be subordinated below the level of unsecured creditors.

2. Final approval of the sale should be denied due to lack of due process. The TIC holders, including Mr. Berg, did not receive notice of the hearing on sales procedures until after the hearing had occurred. The sales procedures order provided for notice to a limited number of parties, which did not include the TIC owners.

---

[1] The debtors in these chapter 11 cases (each, a "Debtor" and collectively, the "Debtors"), along with the last four digits of each Debtor's federal tax identification numbers, are: Buddy Mac Holdings, LLC (1297); BMH RTO, LLC (9489); Buddy Mac Twenty-One, LLC (1269); Buddy Mac Twenty-Two, LLC (6474); Buddy Mac Twenty- Three, LLC (3668); Buddy Mac TwentyFour, LLC (3328); Buddy Mac Twenty-Five, LLC (5604); Buddy Mac Twenty-Six, LLC (5425); Buddy Mac Twenty-Seven, LLC (1574); BMH-TNM 28, LLC (5391); BMH-TNM 29, LLC (0350); BMH-TNM 30, LLC (5692); BMH-TNM 31, LLC (5137); BMH-TNM 32, LLC (3430); BMH-TNM 33, LLC (8037); BMH-RCL 34, LLC (7055); BMH-RCL 35, LLC (7332); BMH-RCL 36, LLC (4707); BMH-RCL 37, LLC (4598); BMH-RCL 38, LLC (7218); BMH-RCL 39, LLC (5340); BMH-RCL 40, LLC (8100); BMH-RCL 41, LLC (5735); BMHRCL 42, LLC (3438); BMH-FAN 43, LLC (8956); BMH-FAN 44, LLC (9133); BMH-FAN 45, LLC (1642); BMH-FAN 46, LLC (1756); BMH-FAN 47, LLC (7435); BMH-FAN 48, LLC (7860); BMH-FAN 49, LLC (8079); BMH-FAN 50, LLC (8219); BMH-FAN 51, LLC (5786); BMH-FAN 52, LLC (6191); BMH-FAN 53, LLC (6281); BMH-FAN 54, LLC (6340); BMH SM 79, LLC (9545); BMH-SM 80, LLC (9640); BMH-SM 81, LLC (9709); BMH-SM 82, LLC (0107); BMH-SM 83, LLC (0236); BMH-SM 84, LLC (0340); BMH-SM 85, LLC (2526); BMH-SM 86, LLC (2731); BMH-SM 87, LLC (2817); Buddy Mac One, LLC (0935); BMH One RE, LLC (4305); BMH 95 RE Caruthersville, LLC (1264); and BMH 96 RE Marion, LLC (0659). The Debtors' service address is 400 E. Centre Park Blvd., Suite 101, DeSoto, Texas 75115

NOTICE OF APPEARANCE, Page 1
1662291.1

3. The sale should not be approved unless there is a benefit to the estate. The motion to approve sales procedures and proposed asset purchase agreement are opaque at best. However, it appears that substantially all of the assets of the estate are being sold for a credit bid. If the estate is not going to receive any cash why is there a sale? What is the justification?

4. If the court does approve a sale, the interest of the TIC owners should be protected. Nothing in the sale order should constitute a determination that the TIC owners are the holders of securities subject to equitable subordination. No distribution of any proceeds should be made without a determination of the relevant interests between the TIC owners and the Debtor. That includes any carveout for the Debtor's professionals.

WHEREFORE, Objector respectfully requests that the Court deny approval of the sale.

Dated: February 18, 2026

Respectfully submitted,
**BARRON & NEWBURGER, P.C.**
7320 N. MoPac Expwy., Suite 400
Austin, Texas 78731
Telephone: (512) 476-9103
Facsimile: (512) 476-9253

By: */s/ Stephen W. Sather*
Stephen W. Sather
State Bar No. 17657520
**Counsel for Objector, RON BERG**

### CERTIFICATE OF SERVICE

I certify that, on February 18, 2026, the foregoing Objection will be served via the Court's CM/ECF noticing system to all parties registered to receive notice.

*/s/ Stephen W. Sather*
Stephen W. Sather

**Objection, Page 2**
1662291.1